UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUHI REIMER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NY & CO ECOMM LLC d/b/a NEW YORK & COMPANY,<br><br>    Defendant. | Case No. 1:23-cv-00740-TSE-WEF |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**NOW COMES** RUHI REIMER, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of NY & CO ECOMM LLC d/b/a NEW YORK & COMPANY ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §59.1-510 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted automated calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. The Court has supplemental jurisdiction over the VTPPA claim pursuant to §28 U.S.C. §1367(a).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant had a Virginia cellular phone number and resided in Broadlands, Virginia.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a national retailer that specializes in work-wear for women.

10. Defendants maintains its corporate headquarters in North Brunswick, New Jersey.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3122.

13. At all times relevant, Plaintiff's number ending in 3122 was assigned to a cellular telephone service.

14.     At all times relevant, Plaintiff's number ending in 3122 was not associated with a business and was utilized for personal and residential purposes. Plaintiff utilizes his cellular telephone number for residential purposes as his cellular telephone number is the primary means of reaching Plaintiff at his residence. Accordingly, Plaintiff is a "residential telephone subscriber."[1]

15.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16.     At all times relevant, Plaintiff's cellular telephone number ending in 3122 was registered on the National Do-Not-Call Registry. Plaintiff personally registered his cellular telephone number on the National Do-Not-Call Registry.

17.     At some point in time, Plaintiff provided his cellular phone number to Defendant so he can receive promotional text messages from Defendant as he wanted to buy gifts for the female members of his family.

18.     After receiving dozens of promotional text messages from Defendant, Plaintiff decided he no longer wished to receive Defendant's promotional text messages.

19.     Accordingly, in May 2020, Plaintiff sent two written correspondences to Defendant: (1) stating he no longer wished to receive telephonic communications from Defendant, including text messages; and (2) requesting a copy of Defendant's Do Not Call Policy.

20.     Despite Plaintiff's written requests that Defendant cease all telephonic communications with Plaintiff, Defendant continued to send promotional text messages to Plaintiff's cellular phone number.

---

[1] The FCC has expressly rejected interpreting "residential subscribers" narrowly to exclude cellular telephone numbers categorically. *Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14038.

21. In July 2022, frustrated with Defendant's unwanted text messages, Plaintiff sent a *third* written request to Defendant (1) stating he no longer wished to receive telephonic communications from Defendant, including text messages; and (2) requesting a copy of Defendant's Do Not Call Policy.

22. Astonishingly, Defendant ignored Plaintiff's third written request that Defendant cease its promotional text messages and Defendant continued sending promotional text messages to Plaintiff's cellular phone number.

23. In total, Defendant sent no less than twenty-five (25) unwanted promotional text messages to Plaintiff's cellular phone *after* Plaintiff initially requested that Defendant cease all telephonic communications with Plaintiff in May 2022.

24. To date, Defendant has not provided Plaintiff with its Do Not Call Policy.

## DAMAGES

25. Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the promotional text messages, decreased productivity, aggravation that accompanies unwanted promotional text messages, frustration, loss of concentration, and the loss of battery charge, and the costs of postage to mail the cease and desist letters.

26. Frustrated and concerned with Defendant's invasive telemarketing practices, Plaintiff retained counsel to vindicate his rights.

## CLASS ALLEGATIONS

27. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### Do-Not-Call Registry Class

> All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, sent, or caused to be sent, a text message; (2) directed to a cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the text was to market Defendant's products or merchandise; (5) without the individual's written consent; (6) within the four years preceding the date of the original complaint through the date of class certification

29.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

   **A.     Numerosity**

30.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

31.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

32.     The members of the Putative Class are ascertainable because the Putative Class is defined by reference to objective criteria.

33. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

### B. Commonality and Predominance

34. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

35. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

36. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful marketing practices.

### D. Superiority and Manageability

37. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

### E. Adequate Representation

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

43. Plaintiff has retained competent and experienced counsel in consumer class actions.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act**
**(On behalf of Plaintiff and the Putative Class Members)**

44. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

46. Defendant violated 47 C.F.R. §64.1200(c)(2) by sending no less than twenty-five (25) unwanted promotional text messages to Plaintiff's cellular telephone number after Plaintiff requested that promotional text messages cease and while Plaintiff's cellular telephone number was registered on the National Do Not Call Registry.

47. As pled above, Plaintiff sent *three* written correspondences to Defendant requesting that Defendant cease all telephonic communications with Plaintiff.

48. As pled above, Defendant willfully ignored Plaintiff's requests that Defendant cease telephonic communications with Plaintiff and continued sending unwanted promotional text messages to Plaintiff's cellular phone number despite Plaintiff's phone number being registered on the Do-Not-Call Registry.

49. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

    A.    an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    B.    an order enjoining Defendant from placing or causing to place further violating text messages to consumers;

    C.    a judgment in Plaintiff's favor for Defendant's violations of the TCPA;

    D.    a judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

    E.    an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

    F.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

    G.    any further relief this Court deems just and proper.

## COUNT II:

### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually)

50. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. The Federal Communications Commission promulgated regulations restricting telephone solicitation through 47 C.F.R 64.1200 *et seq*. (a regulation based on 47 U.S.C. §227(c)).

52. Pursuant to 47 CFR 64.1200(e)(2)(i), Defendant is required to have a written policy, *available upon demand*, for maintaining a do-not-call policy. 47 C.F.R. 64.1200(e)(2)(i). (emphasis added)

53. Defendant violated 47 CFR 64.1200(e)(2)(i) by failing to deliver its written Do-Not-Call policy to Plaintiff despite Plaintiff's multiple demands.

54. As set forth above, Plaintiff demanded Defendant's Do-Not-Call policy *in writing* on three separate occasions.

55. Despite Plaintiff providing Defendant with multiple opportunities to provide its Do-Not-Call policy, Defendant failed to provide Plaintiff with the same.

56. Accordingly, Defendant's violations 47 CFR 64.1200(e)(2)(i) were willful.

**WHEREORE**, Plaintiff requests the following relief:

A. A judgment in Plaintiff's favor for Defendant's violations of the TCPA;

B. An award of $1,500.00 for *each* willful violation of the TCPA; and

C. Any further relief this Court deems just and proper.

## COUNT III:
## Violations of the Virginia Telephone Privacy Protection Act

57. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    **a.**     **Violations of §59.1-514 (A) of the VTPPA**

58. Pursuant to §59.1-514(A) of the VTPPA, "no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number when a person at such telephone number previously has stated that he does not wish to receive a telephone solicitation call made by or on behalf of the person on whose behalf the telephone solicitation call is being made. Va. Code §59.1-514(A).

59. Defendant violated §59.1-514(A) of the VTPPA by sending no less than twenty-five (25) unwanted promotional text messages to Plaintiff's cellular phone number after Plaintiff initially requested that Defendant cease all telephonic communications with him in May 2022.

    **b.**     **Violations of §59.1-514 (B) of the VTPPA**

60. Pursuant to §59.1-514(B) of the VTPPA, "no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry…" Va. Code §59.1-514(B).

61. Defendant violated §59.1-514(B) of the VTPPA by sending no less than twenty-five (25) unwanted promotional text messages to Plaintiff's cellular phone number while Plaintiff's cellular phone number was registered on the National Do-Not-Call Registry.

    **c.**     **Violations of §59.1-513(A) of the VTPPA**

62. §59.1-513(A) of the VTPPA provides:

> A telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the

name of the telephone solicitor. The number so provided must permit, during regular business hours, any individual to make a request not to receive telephone solicitation calls.

63. Defendant violated §59.1-513(A) of the VTPPA by not providing in its promotional text messages a telephone number that would permit Plaintiff to make a request not to receive telephone solicitation calls.

    **d.**    **Violations of §59.1-512 of the VTPPA**

64. §59.1-512 of the VTPPA provides:

> A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person.

65. Defendant violated §59.1-512 of the VTPPA by failing to identify the first and last name of the individual(s) that sent each of the twenty-five (25) promotional text messages to Plaintiff.

**WHEREORE,** Plaintiff requests the following relief:

    A.    A judgment in favor of Plaintiff for Defendant's violations of the VTPPA;

    B.    An award of statutory damages in the amount of $500.00 for Defendant's first violation of the VTPPA;

    C.    An award of statutory damages in the amount of $1,000.00 for Defendant's second violation of the VTPPA;

    D.    An award of statutory damages in the amount of $5,000.00 for each violation subsequent to Defendant's second violation of the VTPPA;

    E.    An order enjoining Defendant from sending further unlawful text messages to Plaintiff;

F.       An award of Plaintiff's attorney's fees and costs; and

G.      Any further relief this Court deems just and proper.

Dated: July 11, 2023                                 Respectfully Submitted,

/s/ *William P. Robinson III*
William P. Robinson III
Robinson Law
1934 Old Gallows Road
Suite 350K
Vienna, VA 22182
(708) 789-4800
william@robinsonlaw.com


Mohammed O. Badwan (*PHV Forthcoming*)
Sulaiman Law Group, Ltd.
2500 S. Highland Ave.
Suite 2500
(630) 575-8180
mbadwan@sulaimanlaw.com